IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN EARP, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | No. 13-7023 |
| | : | |
| JOHN E. WETZEL, *et al.* | : | |
|     Respondents. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                       **January 23, 2017**

      Almost fifty-five months ago, the United States Supreme Court held a mandatory sentence of life for a juvenile offender is unconstitutional. Almost exactly a year ago, the Supreme Court held the state courts must retroactively apply this holding to petitions for post-conviction relief under state law. When, as here, a state court prisoner's *habeas* petition seeks release on this basis only and he is waiting for over four years for a state court judge to be assigned to his post-conviction act petition on this same constitutional basis let alone have a hearing date from an unassigned judge under established Supreme Court mandate, we find the prisoner is excused from exhausting his post-conviction act remedy before we should consider his *habeas* petition. The parties concede he is entitled to resentencing under Supreme Court law. It is time for resentencing required at least a year ago and we see no further basis for delay. We conditionally grant the petition for a writ of *habeas corpus* subject to the state court resentencing the state court prisoner over the next six months unless otherwise agreed or upon a showing of good cause.

## I. Background

### A. Mr. Earp's underlying sentence and collateral state action.

Over twenty-five years ago, seventeen year old Alan Earp murdered another teenager after a street fight. A state court jury convicted him of murder. On November 16, 1993, the state court judge imposed the mandatory sentence of life imprisonment without parole.

On June 25, 2012, in *Miller v. Alabama*, our Supreme Court held a mandatory life sentence without parole for those who committed crimes under the age of eighteen violates the Eighth Amendment's prohibition on cruel and unusual punishment.[1] Mr. Earp, recognizing the effect of *Miller* on his life sentence without parole, filed a Pennsylvania Collateral Relief Act ("PCRA") petition on August 13, 2012. Nothing has happened on his PCRA petition since.

On October 25, 2012, the Commonwealth reformed sentencing for offenders who commit murder under the age of eighteen to comply with *Miller*.[2] On March 26, 2013, while Mr. Earp's PCRA had been pending for seven months, the Pennsylvania Supreme Court determined *Miller* retroactively applied to a Mr. Earp's direct appeal rights.[3]

### B. Mr. Earp's petition for a writ of *habeas corpus*.

On June 13, 2013, Mr. Earp filed a *pro se* application to file a second *habeas corpus* petition with our Court of Appeals. On December 2, 2013, our Court of Appeals granted Mr. Earp's application to file a second *habeas* petition under 28 U.S.C. § 2244 because *Miller* is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[4] Our Court of Appeals transferred Mr. Earp's petition for writ of *habeas corpus* to our Court.

On October 30, 2013, the Pennsylvania Supreme Court held *Miller* did not retroactively apply to post conviction collateral attacks on sentencing.[5] On January 29, 2014, Chief Judge

2

Tucker stayed and placed Mr. Earp and similarly situated cases in suspense pending the outcome of an appeal to the United States Supreme Court.[6]

On January 25, 2016, the United States Supreme Court held *Miller* is a new substantive constitutional rule and Pennsylvania must apply it retroactively on collateral review petitions effectively reversing the Pennsylvania Supreme Court's October 2013 holding.[7] During this four year evolution of constitutional law, Mr. Earp's PCRA petition remained pending. Our Supreme Court has provided the final answer: Mr. Earp's sentence is unconstitutional and his PCRA petition must be granted. Still, the PCRA state court took no action even when there is only one constitutional course of action.

Absent months of inaction in 2016, we ordered the Commonwealth to tell us "why Mr. Earp's sentence should be immediately vacated and he be resentenced forthwith."[8] We also ordered the Federal Community Defender Office and the Commonwealth to file a statement addressing whether the stay issued in this action should be vacated.[9]

On October 18, 2016, the Commonwealth admitted Mr. Earp "is entitled to a new sentence" but requested we continue the stay as a "protective" petition while Mr. Earp exhausts his PCRA petition at the state level.[10] On October 21, 2016, after the parties admitted Mr. Earp deserves a new constitutional sentence, we lifted the stay; removed the case from the suspense docket, and ordered the respondents to file their detailed factual statement by November 28, 2016.[11]

## II. Analysis

We face a simple question: whether state court review of Mr. Earp's unconstitutional sentence is exhausted because of Mr. Earp's over four year and four month wait for state trial court review of his PCRA petition, almost twelve of those months spent waiting on a PCRA

*which will certainly be granted.* If so, we can hear his petition for a writ of *habeas corpus*. The Commonwealth argues Mr. Earp's PCRA petition is not exhausted and we cannot grant Mr. Earp's petition for a writ of *habeas corpus* without violating the comity between our dual judicial systems. The Commonwealth argues to exhaust his petition, Mr. Earp must wait for a hearing before the "Court of Common Pleas, and then again on appeal to the Superior Court of Pennsylvania."[12]

Under normal circumstances, the Commonwealth is correct. We respect the comity between our dual judicial systems, and under normal circumstances, we would wait until Mr. Earp exhausted his PCRA claim before Pennsylvania's highest court before entertaining his *habeas* petition.[13] Given the definite course necessary in this single issue *habeas* petition, the wait is inexcusable when the Court of Common Pleas has known the only constitutional course of action for almost a year but has not taken it while Mr. Earp sits in jail.

Under extraordinary circumstances, particularly where "inexcusable…delay by the state in processing claims for relief may render the state remedy effectively unavailable," our Court of Appeals instructs we "need not defer to the state judicial process…when the state process would frustrate the use of an available remedy."[14] In *Lee v. Stickman*, the PCRA process was in its eighth year without a decision on the merits when our Court of Appeals reviewed the trial court dismissal of his *habeas corpus* petition.[15] Lee's PCRA petition did not present a clear cut case like Mr. Earp's; it was a more traditional challenge to the trial court's evidentiary rulings, juror bias, and sufficiently of evidence.[16] Yet our Court of Appeals excused Lee from state court exhaustion because Lee "has done all that can reasonably be expected to pursue his claim in state court. '[I]t is the legal issues that are to be exhausted, not the petitioner.'"[17]

Mr. Earp's PCRA petition has been pending since August 13, 2012. A thirty-three month delay between the filing of the PCRA and the petition for the writ of *habeas corpus* is the shortest delay where our Court of Appeals excused the exhaustion requirement.[18] Mr. Earp's PCRA petition has been pending for four years and four months, far long than the thirty-three month delay our Court of Appeals excused in *Wojtczak*. As confirmed in his state court docket sheet provided to the Court, the state court has yet to assign a judge to Mr. Earp's PCRA petition let alone schedule a hearing.

Mr. Earp's nearly twelve month wait since *Montgomery* is particularly inexcusable. In *Lee* and *Wojtczak*, the court excused exhaustion for the "available remedy" of a federal hearing on the merits of their PCRA petitions. We all agree: Mr. Earp's unconstitutional sentence must be vacated. We cannot understand how we can excuse exhaustion for a petition whose success is unknown (*Lee*) but find no exhaustion where Mr. Earp has been waiting almost a year for a resentencing *which must be granted*.

Other federal courts in Pennsylvania have dismissed petitions for writ of *habeas corpus* since *Montgomery* for failure to exhaust the PCRA petition. In *Tarselli v. Folino*, another resentencing under *Miller*, the court held the prisoner did not exhaust his PCRA petition and recommended his petition for writ of *habeas corpus* be dismissed.[19] In *Tarselli*, the parties did not agree resentencing under *Miller* was automatically necessary because there is a question of fact regarding Mr. Tarselli's age when he committed the murder.[20] The court "conclude[d] that state court exhaustion if the question of whether Tarselli was a juvenile at the time of the offense is both necessary and appropriate."[21]

We waited until our Supreme Court decided *Montgomery* clarifying Mr. Earp is constitutionally entitled to a new sentence. We see no reason for further delay in granting Mr.

5

Earp's PCRA petition. There are no questions of fact as in *Tarselli*. The parties agree to Mr. Earp's eligibility under *Miller* and *Montgomery*. Mr. Earp's PCRA presents no novel questions of law. Our United States Supreme Court directs "*Miller* announced a substantive rule of constitutional law" which must be retroactively to juvenile offenders sentenced to mandatory life sentences without parole.[22] We cannot fathom how a Court of Common Pleas judge could apply *Miller* and *Montgomery* in his long-pending PCRA petition and grant Mr. Earp relief any differently than we would. It would only be months, or possibly years, later.

The Commonwealth cites *In re Baines* to argue we cannot excuse PCRA exhaustion. In *Baines*, a non-precedential opinion, our Court of Appeals denied Mr. Baines' writ of mandamus seeking to excuse state court exhaustion and hear his *habeas corpus* petition under *Miller*.[23] On February 5, 2016, less than two weeks after *Montgomery*, the Philadelphia District Attorney represented to the court "Pennsylvania authorities would in response vacate each of the petitioners' sentences (including *Baines*)....the Commonwealth was 'actively designing a streamlined process'...[and] individuals at the Public Defenders' Office and at the District Attorney's Office 'have been working quickly to identify all eligible prisoners.'"[24] On July 27, 2016, our Court of Appeals required Baines to exhaust state proceedings relying on the Commonwealth's February 5, 2016 representations.

Over eleven months have passed since the Commonwealth's representations and *Montgomery* is nearly a year old. The delay is now inexcusable. In those eleven months, the Commonwealth represents their good faith efforts to move this case as "[in October 2016], the Commonwealth filed a letter in the Court of Common Pleas requesting that the sentences for defendant (and others like him) be vacated, so that the re-sentencing proceedings...can occur in

an orderly fashion."[25] The passage of eleven months between the Commonwealth's February 5, 2016 representations renders *Baines* inapplicable.

On August 17, 2016, Judge Savage granted a petition for writ of *habeas corpus* and ordered the defendant resentenced in accordance with *Miller* without requiring exhaustion of the state collateral action.[26] We also can find no reason for the inexcusable delay in granting Mr. Earp's PCRA petition and scheduling his resentencing in the state court. As he lacks both an assigned judge and a hearing date, we cannot delay further. We cannot imagine a possible need to require Mr. Earp's PCRA petition to be fully exhausted through both the Court of Common Pleas and the Superior Court, when there is no possible appeal issue.

## III. Conclusion

Mr. Earp is excused from exhausting the PCRA process because the nearly twelve month delay in granting Mr. Earp's PCRA petition and scheduling a resentencing to remedy his constitutional injury is inexcusable. The state court has not assigned a judge or set a hearing for his PCRA petition. In the accompanying Order, we grant his petition for *habeas corpus* relief conditioned on sentencing by July 28, 2017.

---

[1] *Miller v. Alabama,* __ U.S. __, 132 S.Ct. 2455, 2469 (2012).

[2] 18 Pa.C.S. § 1102.1(a)(2).

[3] *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013). Mr. Earp exhausted his direct appeal rights before the Supreme Court decided *Miller*.

[4] ECF Doc. No. 2 *citing* 28 U.S.C. § 2244; *see In re Pendleton*, 732 F.3d 280 (3d Cir. 2013).

[5] *Commonwealth v. Cunningham*, 81 A.3d 1, 6 (2013).

[6] ECF Doc. No. 3.

[7] *Montgomery v. Louisiana*, __U.S.__, 136 S.Ct. 718, 733 (2016).

[8] ECF Doc. No. 9.

---

[9] ECF Doc. No. 10.

[10] ECF Doc. No. 14 at 2.

[11] ECF Doc. No. 15.

[12] ECF Doc. No. 16 at 6 (*citing Wenger v. Frank*, 266 F.3d 218, 224-26 (3d Cir. 2001)).

[13] *See Lee v. Stickman*, 357 F.3d 338 (3d Cir. 2004)(*citing* 28 U.S.C. §§ 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515, 516 (1982)).

[14] *Id.*

[15] *Id.* at 339, 342.

[16] *Id.* at 339.

[17] *Id.* at 342 (*quoting Burkett v. Cunningham*, 826 F.2d 1208, 1218 (3d Cir. 1987)).

[18] *Id.* at 341(*citing Wojtczak v. Fulcomer*, 800 F.2d 353,356 (3d Cir. 1986)).

[19] *Tarselli v. Folino*, No. 13-939, 2016 WL 4154941 at *2 (M.D.Pa. June 7, 2016).

[20] *Id.* at *4-5.

[21] *Id.* at *4.

[22] *Montgomery*, 136 S.Ct. at 736.

[23] *In re Baines*, 658 F. App'x 159, 161 (3d Cir. 2016).

[24] *Id.* at 160.

[25] ECF Doc. No. 16 at 3.

[26] *See Songster v. Bread*, ---F. Supp. 3d---, No. 04-5916, 2016 WL 4379233 (E.D. Pa. August 17, 2016).